### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION** |
| | : | |
| | : | |
| **v.** | : | |
| | : | |
| **MARIO CUDEMO** | : | **NO.  92-653** |
| | : | |

### ORDER AND MEMORANDUM

### O R D E R

**AND NOW**, this 21st day of February, 2008, upon consideration of defendant Mario Cudemo's Motion For Release From Supervised Release (Document No. 117, filed December 20, 2007), and the Government's Opposition to Defendant's Petition for Early Termination of Supervised Release (Document No. 119, filed February 4, 2008), for the reasons set forth in the attached Memorandum, **IT IS ORDERED** that defendant Mario Cudemo's Motion For Release From Supervised Release is **DENIED**.

**IT IS FURTHER ORDERED** that this Order is **WITHOUT PREJUDICE** to defendant's right to again seek early termination of supervised release after serving a substantial part of his supervised release.

### M E M O R A N D U M

**I.      BACKGROUND**

Defendant, Mario Cudemo, pled guilty to two counts, Counts Four and Five, of a multi-count Indictment on April 26, 1993.  Those counts charged defendant with distribution of a total of 1,123 grams of methamphetamine, within 1,000 feet of a school.  He was sentenced to 170 months imprisonment, to be followed by 12 years of supervised release.

The Motion For Release From Supervised Release was filed after defendant served only four (4) years of supervised release. The request is based on defendant's claim that incarceration and four (4) years of supervised release have led defendant to turn his life around. In addition, he argues that the period of supervised release is unusually long.

## II.   DISCUSSION

18 U.S.C. § 3564(c), authorizes a Court to order early termination of supervised release "if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice," and after considering the factors set forth in § 3553(a) relating to the imposition of a sentence. The latter provision provides that a sentence (1) must reflect the seriousness of the offense in order to promote respect for the law and provide just punishment; (2) afford adequate deterrence to criminal conduct; (3) protect the public from further crimes of the defendant; and, (4) provide defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. The Court concludes that neither the conduct of the defendant nor the interest of justice warrant early termination of supervised release in this case.

The conduct cited by defendant in support of his Motion is commendable. However, it is nothing more than what is required under the terms of his supervised release. *See Karacsonyi v. United States*, 152 F.3d 918 *unpub. op.*, 1998 WL 401273, *1 (2d Cir. 1998) ("Full compliance, after all, is merely what is expected of all people serving terms of supervised release"). Rather, early termination of supervised release should be ordered only in extraordinary circumstances.

Defendant is presently being supervised by United States Probation Officer Rachel Salamanca in California. Officer Salamanca noted that defendant's supervision started on March 5, 2004, and that she began supervising him in July of 2007. Officer Salamanca agrees that defendant has done well under supervision, but she opposes termination of defendant's

supervised release at this time.  In taking that position, Officer Salamanca noted that defendant's

supervision is not hindering him in any significant way.  Specifically, defendant is not

undergoing any active drug testing, there is no active surveillance of the defendant, and there are

no surprise visits to defendant's home.  In short, Officer Salamanca concluded that defendant's

supervised release has a minimal impact on his day-to-day life.

Defendant was convicted of a serious crime - distribution of a large quantity of

methamphetamine.  Considering all of the goals of sentencing - appropriate punishment,

deterrence, protection of the public interest, and providing the defendant with an opportunity to

rehabilitate himself - the Court concludes that early termination of supervised release at this time

is not warranted.  Defendant has not come forward with any evidence of extraordinary conduct

sufficient to warrant such early termination.


**BY THE COURT:**


**/s/ Honorable Jan E. DuBois**
**JAN E. DUBOIS, J.**