# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | CRIMINAL ACTION |
| v. : | |
| MARIO CUDEMO : | NO. 92-653-01 |

DuBOIS, J.                                          MARCH 2, 2010

## MEMORANDUM

### I. BACKGROUND

Defendant, Mario Cudemo, pled guilty to two counts, Counts Four and Five, of a multi-count Indictment on April 26, 1993. Those counts charged defendant with distribution of a total of 1,123 grams of methamphetamine, within 1,000 feet of a school and aiding and abetting. On April 12, 1994, he was sentenced to 170 months imprisonment, to be followed by 12 years of supervised release.

Presently before the Court is defendant's second motion for early termination of supervised release. His first motion was filed on February 4, 2008. It was denied by Order dated February 21, 2008, without prejudice to defendant's right to again seek early termination of supervised release . . . "after serving a substantial part of his supervised release."

Defendant's supervision began on March 5, 2004. He has thus served six years of his 12-year supervised release term. His request is based on the claim that incarceration and supervised release have "turned [his] life around . . . he is a functioning member of society with no indication that he will have any legal problems again" (Mot. ¶ 2). Those are the same grounds asserted in support of defendant's first motion for early termination of supervised release.

## II. **DISCUSSION**

18 U.S.C. § 3564(c), authorizes a Court to order early termination of supervised release "if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice," and after considering the factors set forth in § 3553(a) relating to the imposition of a sentence. The latter provision provides that a sentence (1) must reflect the seriousness of the offense in order to promote respect for the law and provide just punishment; (2) afford adequate deterrence to criminal conduct; (3) protect the public from further crimes of the defendant; and, (4) provide defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. The decision to grant early termination of supervised release rests within the sound discretion of the Court. *See United States v. Rasco*, 2000 WL 45438 at *3 (S.D.N.Y).

The conduct cited by defendant in support of his Motion is commendable. However, it is nothing more than what is required under the terms of his supervised release. *See Karacsonyi v. United States*, 152 F.3d 918 (Table), 1998 WL 401273, *1 (2d Cir. 1998) ("Full compliance, after all, is merely what is expected of all people serving terms of supervised release"). Rather, early termination of supervised release should be ordered only in extraordinary circumstances. *United States v. Herrera*, 1998 WL 684471, at *2 (S.D.N.Y). Rather, "[i]t may be justified 'occasionally' in cases of new or unforseen circumstances." *Id.* (citing *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)). "Such relief is warranted only '[o]ccasionally,' when 'changed circumstances – for instance, exceptionally good behavior by the defendant or a downward turn in the defendant's ability to pay a fine or restitution imposed as conditions of release – will render a previously imposed term or condition of release either too harsh or inappropriately

2

tailored to serve the general punishment goals of section 3553(a).'" *United States v. Weintraub*, 371 F. Supp.2d 164, 166 (D. Conn., 2005) (quoting *Lussier*, 104 F.3d at 36).

Defendant does not offer any reason that justifies early termination of supervised release. He makes no assertion of extraordinary conduct or changed circumstances that make his supervision unduly burdensome or harsh. Instead, defendant relies entirely on the fact that he has complied with the terms of his supervised release and "turned his life around." That is insufficient to warrant termination of defendant's supervised release at this time.

Defendant's first Motion for early termination of supervised release was denied without prejudice to his right to seek early termination of supervised release after serving a substantial part of his supervised release. He has not done so - he has served only six years of a 12 year term of supervised release. As with defendant's first motion for early termination of supervised release, this motion is denied without prejudice to his right to seek early termination after serving a substantial part of his supervised release.

An appropriate order follows.